# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| ELOISE CARTER | * | CIVIL ACTION NO. 08-0727 |
| --- | --- | --- |
| VERSUS | * | CHIEF JUDGE JAMES |
| E-Z MART STORES, INC., ET AL | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING[1]

The above-captioned matter was removed from the Third Judicial District Court, Parish of Lincoln, by Defendant E-Z Mart Stores, Inc. ("Defendant") based on Defendant's allegation that the amount in controversy exceeds $75,000 and, therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. On May 11, 2009, the Court, after finding that it was not facially apparent that Plaintiff's claims exceeded $75,000 in value, ordered Defendant to set forth specific facts in controversy which support a finding that the jurisdictional amount exists [Doc. # 47]. Defendant has since filed an amended notice of removal [Doc. # 58]. For reasons stated below, the undersigned finds that Defendant has failed to demonstrate that the amount in controversy requirement is met in this case; therefore, remand is required.

## BACKGROUND

On May 5, 2008, Plaintiff Eloise Carter ("Plaintiff") filed the above-captioned suit against

---

[1] As these are not motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

ABC Inc. d/b/a E-Z Mart and XYZ Insurance Company.[2] The petition alleges that on or about April 26, 2007, Plaintiff visited the E-Z Mart, located on Highway 80 in Ruston, Louisiana, at which time she stepped in a large hole near the gas pump, causing her to twist her ankle and fall to the ground. (Petition ¶ 4). Plaintiff alleges that the pavement located in front of the gas pump was so defective that the cracked concrete created a hole which was crumbling and in fragments, thereby causing a dangerous and unsafe condition for patrons purchasing gas. *Id.* at ¶ 5. As a result, Plaintiff alleges that she sustained a fractured heel, left ankle, and foot as well as a broken little toe, causing her excruciating and debilitating pain and constant discomfort. *Id.* at ¶ 7. She contends that she continues to suffer in her foot and ankle as a result of the fracture and that there is presently a lump on the side of her foot.[3] *Id.* at ¶ 8. Plaintiff seeks damages for present and future medical expenses; present and future pain and suffering; and loss of wages. *Id.* at ¶ 9.

On May 23, 2008, Defendant removed this case to federal court on the basis of diversity jurisdiction, following which both parties were ordered to address issues relating to subject matter jurisdiction,[4] including Plaintiff's failure to correctly allege corporate citizenship[5] as well as Defendants' failure to support the amount in controversy necessary for removal.

---

[2] Plaintiff has since amended her complaint to correctly name defendants as E-Z Mart Stores, Inc. and Lexington Insurance Company, E-Z Mart's liability insurance carrier [Doc. #'s 29, 57].

[3] Plaintiff states that she is a day care specialist and that her movements have been seriously impaired because of the injuries to her foot and ankle.

[4] Defendants cited 28 U.S.C. § 1331 as the basis of jurisdiction in this action; however all allegations made in their Notice of Removal pertain to diversity jurisdiction rather than federal question. (Notice of Removal ¶¶ 7, 9).

[5] Subsequent to this case being removed, Plaintiff amended her complaint to add Lexington Insurance company in place of the fictional XYZ Insurance Company. Plaintiff's amended complaint, however, did not allege Lexington's corporate citizenship. Pursuant to this Court's order [Doc. # 47], Plaintiff has now amended her complaint to allege that Lexington is incorporated in Delaware and has its principle place of business in Boston, Massachusetts [Doc. # 57].

E-Z Mart subsequently filed an Amended Notice of Removal, which states that the following facts were known at the time of removal[6] and indicate that the amount in controversy requirement is met in this case; (1) Plaintiff's counsel indicated during a conference with Defendant's counsel that this case has a $100,000 value; (2) during the same conference Plaintiff's counsel referenced that Plaintiff had one or more broken bones in the ankle and/or foot, the need for and/ or recommendation of surgery by a physician, and continuing problems with the foot and/or ankle almost thirteen months after the accident; and (3) the allegations in the petition regarding Plaintiff's alleged injuries and resulting damages.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction; therefore, federal courts are obliged to examine the basis for the exercise of subject matter jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). Furthermore, if a federal court notices an action lacks subject matter jurisdiction, the court must raise the issue *sua sponte*. *Giles v. Nylcare Heatlh Plains, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). All doubts and uncertainties regarding jurisdiction must be resolved in favor of remand. *Pizzolato v. Safeco Ins. Co. of Am.*, 2008 WL 4811378, at *1 (M.D. La. Sept. 15, 2008) (citing *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex. July 21, 2000)).

When, as in this case, jurisdiction depends on diversity of citizenship, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The party seeking removal bears the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Louisiana has a clear analytical

---

[6] Defendant now contends that following discovery, it is no longer of the opinion that the amount in controversy requirement is met.

framework to resolve disputes regarding amount in controversy in removal actions based on diversity. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Under Louisiana law,[7] a plaintiff may not specify the numerical value of claimed damages; therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in one of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit that support a finding of the requisite amount." *Id.; Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283, at *3 (W.D. La. Nov. 3, 2008) (quoting *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)); *see also Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). The jurisdictional facts supporting removal are examined at the time of removal. *Gebbia*, 233 F.2d at 883. Moreover, conclusory allegations do not suffice for removal purposes. *Fontenot*, 2008 WL 4822282, at *3.

As previously stated by this court in the Order Requiring Submission on Jurisdictional Amount, it is not facially apparent from Plaintiff's petition that the amount in controversy is in excess of $75,000,[8] thus the defendant must set fort specific facts in controversy demonstrating that the

---

[7] *See* Louisiana Code of Civil Procedure article 893.

[8] Although Carter alleges that she fractured her heel, left ankle, and foot and broke her little toe, the undersigned does not find that this alleged injury is so serious as to demonstrate an amount in controversy of more than $75,000, especially not when considered in combination with the earning capacity, or permanent disability and disfigurement, all of which have been held to support larger monetary awards for the purposes of determining whether it is facially apparent that the amount in controversy requirement is met. *See e.g. Gebbia*, 233 F.3d at 883; *Aisola v. Exxonmobile Corp.*, 2009 WL 1455 788, *2 (W.D. La. May 22, 2009) (noting that the Fifth Circuit has "noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged 'support[ ] a substantially larger monetary basis for federal jurisdiction'"); *McKendall v. Home Depot U.S.A., Inc.*, 2009 WL 482156, *2 (E.D.La. Feb. 25, 2009) (noting that is was not facially apparent from the plaintiff's complaint that the amount in controversy exceeded $75,000 based in

4

amount in controversy requirement is met. *Gebbia*, 233 F.3d at 883. "A showing only that damages 'could well exceed' the jurisdictional amount or that there is a 'possibility' that the plaintiff could recover more than the jurisdictional amount is insufficient to carry the removing defendant's burden." *Fontenot*, 2008 WL 4822283, at *3 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). On the contrary, "the removing defendant must establish that it is more likely that not that the jurisdictional amount is satisfied." *Id.*

In the case *sub judice,* other than the facts stated in the petition, the only evidence set forth in Defendants' amended notice is a phone call which occurred between Defendant's and Plaintiff's respective counsels. Defendant alleges that Plaintiff's counsel valued the case at $100,000; however, Plaintiff's counsel denies that she did so. Plaintiff's counsel contends that during the telephone conversation referred to by Defendant, she stated that she was uncertain as to the exact amount of damages because she had not received any medical bills nor reports regarding her client, who was still under her doctor's care, which could be used to evaluate her claim, but she was aware that one of Plaintiff's doctors had recommended surgery. Plaintiff's counsel contends that it was Defendants' counsel who stressed the amount of $75,000, to which she responded that the claim could be at least $75,000 if the plaintiff required surgery, and that Defendants' counsel subsequently raised the figure to $100,000 after hearing of the possibility of surgery.

Plaintiff's counsel has submitted evidence supporting her version of the substance of the conversation. After receiving notification of the removal, Plaintiff immediately responded by letter, dated June 2, 2008, detailing her recollection of the conversation and notifying Defendant of her

---

part on the fact that plaintiff had not alleged damages for loss of earning capacity, permanent disability and disfigurement, loss of enjoyment of live, or mental anguish); *Lowery v. J.C. Penney Corp.*, 2006 WL 3827527, *2 (W.D.La. 2006).

concern regarding the misrepresentation of such conversation in the notice of removal.[9] [Doc. # 59, Ex. 2].[10] Defendant's counsel, on the other hand, states that while he does not have any notes of the conversation, he has a billing entry dated May 19, 2008, reflecting a conference with Plaintiff's counsel in which she indicated a "$100,000 value" of this case. Defendant does not, however, submit this billing entry.[11] Given the differing recollections of the conversation, the undersigned finds that the conversation is not sufficient for defendant to meet its burden of proof that the amount in controversy in this case exceeds $75,000.

Moreover, mere showing that surgery is a possibility at the time of removal is not sufficient

---

[9] The letter stated as follows:

> As stated previously via our telephone communication, I have no objection to any extension of time you required for the filing of the responsive pleadings. Also, during that conversation I informed you that I had not received any medical bills nor reports from my client's doctors to evaluate her claim and that one of her doctors recommended surgery. I further stated that I was unsure exactly where her damages would be until I receive that information, and stated that she was still under a doctor's care and if she had surgery it was possible that her claim could be at least $75,000 after you suggested that amount. You stressed the amount of $75,000 then $100,000.00 once you heard about he possibility of surgery and your intention of having the matter removed to federal court.
>
> Consequently, I am concerned with the verbiage that you used in the Notice of Removal . . Article 7, where you stated in pertinent part, "The undersigned has spoken with claimant's attorney, who indicates a claim in excess of $75,000.00." I am very cognizant of any ethical implications of misrepresentations to the court and as such I am requesting that you amend this statement to reflect my concerns.

[Doc. # 59, Ex. 3].

[10] Also, Plaintiff's response specifically states that recovery of the jurisdictional amount of $75,000 is doubtful unless plaintiff requires surgery, which is not known at this time.

[11] The facts regarding Defendants' counsel's version of the conversation set forth in the amended notice of removal are, however, sworn to by Defendant's counsel.

6

evidence as to the jurisdictional amount in controversy. *See e.g. Spiegel v. Alvi*, 2009 WL 1209012, at *1 (E.D. La. 2009) (distinguishing cases cited by the plaintiff as support for the argument that it was facially apparent from the petition that the amount in controversy requirement was met by stating that in such cases, surgery was necessary, while in the case at bar surgery was only a possibility at the time of removal); *See also Anderson v. Pep Boys-Manny, Moe, & Jack, Inc.,* 2009 WL 1269069, at *1 (E.D. La. 2009) (holding that the fact that the plaintiff's doctor had recommended surgery did not, by itself, establish that the amount in controversy would exceed $75,000, especially given that the plaintiff had indicated that she did not plan to get the recommended surgery).

Given that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," the undersigned finds that this Court lacks subject matter jurisdiction over this matter. *Lamonte*, 2008 WL 821958, at *2. (citation omitted). Therefore, remand is required.

For the foregoing reasons,

The case is hereby **REMANDED** to the Third Judicial District Court, Parish of Lincoln, State of Louisiana.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 23rd day of June, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE